**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAYMOND CLAUDIO,

           Petitioner,

v.                                Case No. 3:24-cv-923-TJC-SJH

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

           Respondent.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Raymond Claudio, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. He also filed a motion to proceed in forma pauperis (Doc. 2) and a "Motion to Excuse Exhaustion" (Doc. 3). He challenges a 2023 state court (Putnam County, Florida) judgment of conviction for two counts of possession of a schedule I substance, one count of possession of a schedule IV substance, one count of trafficking in cocaine, and one count of trafficking in phenethylamines. Doc. 1 at 1 (citing State v. Claudio, No. 2022-CF-1179 (Fla. 7th Cir. Ct.)). In the Petition, Petitioner raises eight claims of ineffective assistance of trial counsel. See generally Doc. 1.

A review of Petitioner's state court docket reveals that on May 12, 2023, Petitioner entered an open plea of guilty to the five offenses. See Claudio, No.

2022-CF-1179.[1] On May 25, 2023, the trial court sentenced Petitioner to a cumulative eight-year term of incarceration. Id. Petitioner did not seek a direct appeal. Soon after his sentencing, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and an amended Rule 3.850 motion in July 2023. Id. The state filed a response on March 13, 2024; and on July 17, 2024, the trial court entered an order setting an evidentiary hearing. Id. The trial court's evidentiary hearing is currently set for October 17, 2024. Id.

Here, Petitioner concedes he has not exhausted his state court remedies, but he asks that his failure to exhaust be excused "due to no effective state remedy." Doc. 3 at 2; see also Doc. 1 at 5. In support of his request, Petitioner contends that his ability to seek state postconviction relief has been hindered because three trial judges have been disqualified from his state court case; the state and the trial court did not send him copies of pertinent orders; he has been denied evidentiary material to support his constitutional claims; and the state

---

[1] The Court takes judicial notice of Petitioner's state court dockets. See Fed. R. Evid. 201(b)(2) (allowing a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy [the] standard [for judicial notice under Rule 201(b)(2)]."); see also McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action).

appellate court is allowing the trial court to deny his requests for public records. See generally Doc. 3.

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must present every issue raised in his federal petition to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by filing a motion under Rule 3.850, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979).[2] Or, in the case of a challenge to a sentence, by filing a motion under Florida Rule of Criminal Procedure 3.800, and an appeal from its denial. Caraballo v. State, 805 So. 2d 882 (Fla. 2d DCA 2001).

After a review of the Petition and Petitioner's state court docket, it is clear that Petitioner is trying to bypass his state court remedies and his failure to exhaust is not due to be excused at this time. Contrary to Petitioner's assertions, the state court has not hindered Petitioner's ability to seek state postconviction relief. Instead, as of the date of this Order, his pro se Rule 3.850 motions are still pending in state court and an evidentiary hearing is scheduled. Once his

---

[2] Decisions issued by the former Fifth Circuit Court of Appeals on or before September 30, 1981, are binding in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

3

state postconviction proceedings are concluded, Petitioner may challenge his conviction through a federal habeas petition under 28 U.S.C. § 2254. At this point, the Petition is premature.

Finding the Petition premature, the Court will dismiss this action without prejudice subject to Petitioner's right to file a federal petition after he has exhausted all state court remedies. Petitioner is, however, advised that he must comply with the federal one-year statute of limitations when filing any future federal petition. See 28 U.S.C. § 2244(d)(1)-(2). Although he has time to return to this Court within the one-year limitations period after his state court remedies have been exhausted, he should do so expeditiously.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     This case is **DISMISSED without prejudice** to Petitioner filing a federal habeas petition after he has exhausted all state court remedies.[3]

2.     The Clerk shall enter judgment dismissing this case without

---

[3] This dismissal without prejudice does not excuse Petitioner from the one-year statute of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year time period is tolled during the time in which a properly filed application for state postconviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

prejudice and close the file.

3.    If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Raymond Claudio, #928432

---

[4] A certificate of appealability is appropriate when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation omitted) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) Upon full consideration, this Court denies a certificate of appealability.